IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CALVIN BUTLER | : | |
| | : | CIVIL ACTION |
| v. | : | No. 13-0014 |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al. | : | |

O'NEILL, J.                                                                                          May 13, 2014

## MEMORANDUM

I have before me pro se plaintiff Calvin Butler's amended complaints, the motion to

dismiss of defendants, who are officials and employees of the Pennsylvania Board of Probation

and Parole,[1] and plaintiff's response thereto. Plaintiff alleges violations of his Fourth, Fifth,

Eighth and Fourteenth Amendment rights arising out of a claimed untimely notice of parole

violations charged against him and a claimed delay in holding his parole revocation hearing for a

new criminal charge against him more than 120 days after his conviction.[2]

---

[1]      Defendants are Kelvin Healey (Board Supervisor), Kimberly Barkley (Board
Secretary), Jason Lambrino (Board Assistant Counsel), Parole Officers Haile and Prenapt, and
Brenda Goodall.  Plaintiff does not allege what Goodall's title or position is.

[2]      Plaintiff appears to allege new claims in his response to defendants' motion to
dismiss.  See Dkt. No. 21 at ECF p. 4 (alleging that the Board based its decision to revoke his
parole on erroneous information); id. (claiming that he was not afforded the opportunity to
confront his "accuser," parole officer Prenapt, pursuant to Melendez-Diaz v. Massachusetts, 557
U.S. 305 (2009) during his parole revocation hearing); id. at ECF p. 3 (contending that the Board
is without jurisdiction to recommit him); id. at ECF p. 5 (claiming that the new maximum
sentence imposed by the Board violates both the separation of powers doctrine of the state and
federal constitutions and also eviscerates the judicial discretion provided to the courts).  "To
decide a motion to dismiss, courts generally consider only the allegations contained in the
complaint, exhibits attached to the complaint and matters of public record."  Pension Ben. Guar.
Corp v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); see also, Kulwicki v.
Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992) ("Generally . . . if matters outside the pleadings are
presented to the district court on a motion under Rules 12(b)(6) or 12(c), and the court does not
exclude them, the motion must be considered as one under Rule 56 and determined in

Mr. Butler was arrested on June 19, 2011 while on parole for driving under the influence.

Dkt. No. 8 at ECF p. 2. He was sent to the State Correctional Institution at Graterford on June

23, 2011, given a preliminary parole hearing and detained at Graterford until August 2, 2011

when he was transferred to the State Correctional Institution at Mercer. Id. On September 28,

2011 plaintiff was convicted of driving under the influence. Id. On November 28, 2011 he was

sentenced on his DUI conviction. Id. On February 10, 2012 plaintiff appeared at his parole

revocation hearing for his DUI conviction, was recommitted as a convicted parole violator and

ordered to serve twelve months of back time. Id. On March 2, 2012 plaintiff filed an

administrative appeal from the Pennsylvania Board of Probation and Parole's decision to revoke

his parole that was denied by the Board on April 10, 2012. Id. at ECF p. 7 (Ex. "C").

I previously dismissed plaintiff's amended complaint as against the Pennsylvania Board

of Probation and Parole and the Office of Chief Counsel for the Board.[3] Dkt. No. 9. Plaintiff,

proceeding in forma pauperis, also asserts claims against the remaining defendants in their

official and individual capacities pursuant to 42 U.S.C. § 1983 and seeks damages and

compensation for every day of his incarceration, punitive damages, the restoration of his original

maximum date and the termination of his new sentence.[4] Id. For the reasons below, I will grant

---

accordance with summary judgment principles.") (citations and internal quotations omitted);
Dade v. Gaudenzia DRC, Inc., No. 13-1381, 2013 WL 3380592, at *2 n.1 (E.D. Pa. July 8, 2013)
(noting that district courts in our Circuit have "repeatedly declined to look beyond" a pro se
plaintiff's complaint. I decline to consider plaintiff's additional allegations and claims that he
fails to assert in his amended complaint. Further, as I will discuss, these claims may be only
asserted in a habeas action.

[3] The Eleventh Amendment prohibits actions for damages against a state in federal
court unless the state has waived its immunity and Pennsylvania has not. U.S. Const. amend. XI;
Edelman v. Jordan, 415 U.S. 651 (1974).

[4] Although plaintiff brings his claims under § 1983, Dkt. No. 21 at ECF p. 1, he
also appears to state a habeas corpus cause of action; in his amended complaints, however, he
argues that "[t]his is not a habeas corpus case based solely on incarceration but I bring suit

-2-

defendants' motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action

for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When

reviewing a motion to dismiss "courts accept all factual allegations as true, construe the

complaint in the light most favorable to the plaintiff, and determine whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC

Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations omitted). The question is not

whether plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir.

2007). Instead, for plaintiff's claims to survive a motion to dismiss, his "complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007).

28 U.S.C. § 1915 applies to actions brought in forma pauperis and requires that a court

dismiss plaintiff's action if it is frivolous or malicious, fails to state a claim on which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). Because plaintiff is proceeding pro se, the court "must liberally

construe his pleadings, and . . . apply the applicable law, irrespective of whether the pro se

litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

"[H]owever inartfully pleaded," pro se pleadings must be held to "less stringent standards than

formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Unless

---

because of due process rights being violated, thus subjecting me to cruel and unusual
punishment." Dkt. No. 8 at ECF p. 2. I address the issue of plaintiff's possible habeas claim
below.

-3-

amendment would be inequitable or futile the Court should not dismiss the complaint without

allowing plaintiff leave to amend. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004), citing

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**DISCUSSION**

**I.     Habeas Corpus**

As a threshold matter, to the extent that plaintiff is seeking immediate or earlier release

from confinement and/or challenging the legality of his parole revocation proceedings, such

requests for injunctive relief are not properly asserted in a civil rights complaint but must instead

be brought in a habeas corpus action. Christian v. Pa. Bd. of Prob. & Parole, No. 3:CV-13-2432,

2014 WL 131634, at *3 (M.D. Pa. Jan. 13, 2014); see also Williams v. Consovoy, 453 F.3d 173,

177 (3d Cir. 2006) ("It is well-settled that when a state prisoner is challenging the fact or

duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983

action."); Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985), quoting Preiser v.

Rodriguez, 411 U.S. 475, 400 (1973) ("[W]hen a state prisoner is challenging the very fact or

duration of his physical imprisonment, and the relief he seeks is a determination that he is

entitled to immediate release or a speedier release from that imprisonment, his sole federal

remedy is a writ of habeas corpus."). Plaintiff's claims seeking restoration of his original

sentence maximum date and the termination of his ongoing new maximum sentence challenge

the legality of his parole revocation decision and cannot be properly asserted in the instant civil

rights action.[5]

---

[5]      Plaintiff may not apply for a writ of habeas corpus unless it appears that he has
exhausted the remedies available in Pennsylvania's courts. 28 U.S.C. § 2254(b)(1)(A). Plaintiff
does not allege that he has exhausted his state remedies. See Dkt. No. 21 at ECF p. 2.

-4-

II.     **Claims Pursuant to 42 U.S.C. § 1983**

Insofar as plaintiff seeks damages pursuant to § 1983 for his alleged injuries, his claims are insufficient to withstand defendants' motion to dismiss.  In order to establish a claim pursuant to § 1983, plaintiff must demonstrate that defendants violated his constitutional or federal statutory rights and acted under color of state law.[6]  42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  In the instant action, plaintiff fails as a threshold matter to demonstrate that his constitutional rights were violated.

      A.     **Fourteenth Amendment Due Process Violations**

          1.     **Parole Revocation Hearing**

Plaintiff contends that defendants violated his rights to due process because he did not have a parole revocation hearing until 135 days after the date of his DUI conviction.[7]  He contends that pursuant to the Pennsylvania Code he was entitled to have a parole revocation hearing within 120 days.[8]  In order to establish that any delay in holding his parole hearing was a violation of his right to due process, plaintiff must allege that the delay was both unreasonable and prejudicial.  See Maslauskas v. U.S. Bd. of Parole, 639 F.2d 935, 938 (3d Cir. 1980).

In Morrisey v. Brewer, the Supreme Court found that a delay of two months in holding a

---

[6]     Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws.  It does not, by its own terms, create substantive rights.  Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); City of Okla. City v. Tuttle, 471 U.S. 808, 816 (1985).

[7]     The Board does not dispute plaintiff's assertion that 135 days lapsed between the date of his conviction and his parole revocation hearing.  See Dkt. No. 13 at ECF p. 9.

[8]     Before a parolee is recommitted as a convicted violator, the Pennsylvania Code requires that a revocation hearing be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level, with exceptions not pertinent to the instant case.  37 Pa. Code § 71.4.  Construing the allegations in the light most favorable to plaintiff, I will assume that 135 days elapsed between when the Board received official verification of plaintiff's conviction and the date of his revocation hearing.

parole revocation hearing was not unreasonable, 408 U.S. 471, 487-90 (1972). It did not,

however, define what period of time would constitute an unreasonable delay. Id. at 480. Courts

in our district have found that delays of multiple months in holding a parole revocation hearing

do not violate due process. See Simmons v. Colleran, No. 05-1127, 2005 WL 2783001, at *3

(E.D. Pa. Oct. 24, 2005) (noting that a delay of over four months and twenty days was not

unreasonable); Smith v. Jacobs, No. 93-3733, 1994 WL 269264, at *4 (E.D. Pa. June 14, 1994)

(noting that a four-month delay was not per se unreasonable); U.S. ex rel. Burgess v. Lindsey,

395 F. Supp. 404, 410-11 (E.D. Pa. 1975) (noting that a delay of five months is reasonable but a

delay of nine months is unreasonable). Here, plaintiff's three and a half months' delay was not

per se unreasonable. Also importantly, plaintiff fails to allege that this delay caused him

prejudice. "[P]rejudice requires a showing of a specific and articulable harm to the alleged

parole violator in preparing or presenting his defense to the revocation charges by the loss of

witness or evidence as a result of the delay." Mowatt v. Ebbert, 4:09-CV-2307, 2011 WL

1877639, at *8 (M.D. Pa. Mar. 15, 2011), citing Cortinas v. U.S. Parole Comm'n., 938 F.2d 43,

45 (5th Cir. 1991). Here, plaintiff has not alleged any specific or articulable harm from the

delay in holding his parole revocation hearing and therefore has not shown the existence of any

prejudice.

Plaintiff has failed to establish either, much less both, elements required for a finding of a

due process violation. See Maslauskas, 639 F.2d at 938. I will accordingly dismiss his due

process claim to the extent that it rests upon an allegedly unreasonable delay in holding his

parole revocation hearing.

### 2. Notice of Charged Parole Violations

Plaintiff next claims that he was denied due process because he was not granted adequate

notice of his charged parole violations prior to his revocation hearing. The Supreme Court has noted that while parole proceedings do not involve rights due to all citizens, an inmate is entitled to "some orderly process, however informal." Morrissey, 408 U.S. at 481. The Supreme Court requires that a parolee be given notice of the charges against him but does not specify when the notice must be given. Morrissey, 408 U.S. at 489; see also Person v. Pa. Bd. of Prob. & Parole, Nos. 98-2149, 98-6508, 1999 WL 973852, at *9 (E.D. Pa. Oct. 20, 1999). Courts since have stated that notice must be given prior to, or, at the time of the hearing. Person, 1999 WL 973852, at *9; see Parson v. Edwards, 709 F. Supp. 548, 551 (M.D. Pa. 1988) ("[D]ue process and logic would seem to dictate that [service of written notice] must occur at or before the hearing so that a reasonable opportunity to prepare a defense will be afforded to the parolee.") (quotation marks and citation omitted). In the instant case, plaintiff's claim that he received inadequate notice of his charged parole violations is not supported by either the allegations in his amended complaint or by Board records. See Dkt. No. 8, Exs. A and B.

Plaintiff concedes that while he was given notice of his charges and hearing around January 16 or 17, 2012, or at least 24 or 25 days prior to his hearing,[9] he refused to sign the notice because he believed "it had been over 120 days" as mandated by the Pennsylvania Code and his parole revocation hearing had not yet been held.[10] Dkt. No. 8 at ECF p. 3. Plaintiff was again given, but refused to sign, the notice of charges against him on February 7, 2012, three days prior to his hearing. Id. Plaintiff concedes that parole officer Haile informed him of the charges against him again on the day of the hearing immediately before the hearing. Id. Plaintiff

---

[9]     Plaintiff's notice (PBPP-257N) is dated December 30, 2011 but plaintiff contends that he did not receive it until January 16 or 17, 2012. Dkt. No. 8, Ex. A.

[10]    Plaintiff was incorrect in his assertion that more than 120 days had passed since the date of his conviction on September 28, 2011. Rather, 110 days had elapsed between September 28, 2011 and January 16, 2012.

-7-

contends that the notices were untimely because he "was suppose[d] to receive notice of charges 6 w[ee]ks before [he] had a revocation hearing so that [he] could properly prepare." Id. Here, plaintiff does not allege, and I do not find, that 24 to 25 days was insufficient for him to prepare a defense. Cf. Alford v. Pa. Bd. of Prob. & Parole, No. 3:CV-12-2616, 2013 WL 4080007, at *10 (M.D. Pa. Aug. 13, 2013) ("We agree that . . . 29 days was adequate notice to prepare a defense [for plaintiff at his parole revocation hearing] and was therefore not a violation of [his] right to due process."). Plaintiff offers no authority for his argument that he was entitled to six-weeks notice. Further, he does not allege that he suffered prejudice from the timing of the notice; he concedes that he deliberately rejected the form notices given to him because he believed himself to be entitled to a longer period of notice.

I therefore find that plaintiff has not sufficiently alleged that he was denied due process because he received inadequate notice of the charges against him.

### B.      Other Claimed Constitutional Violations

I will also grant defendants' motion to dismiss plaintiff's other claimed violations of his constitutional rights. I find that plaintiff has not alleged an injury against which the Fourth Amendment's protections of citizens to be free of an unreasonable seizure of his person or property is applicable. See U.S. Const. amend. IV. I find plaintiff's Fifth Amendment claim to be meritless as the due process clause of the Fifth Amendment applies only to actions of the federal government. Colon-Montanez v. Pa. Healthcare Serv. Staffs, 530 F. App'x 115, 118 (3d Cir. 2013); Citizens for Health v. Leavitt, 428 F.3d 167, 178 n.11 (3d Cir. 2005); see U.S. Const. amend. V. I will dismiss plaintiff's Eighth Amendment claim because he does not aver excessive fines imposed upon him or that he suffered inhumane conditions of confinement.[11]

---

[11]      Although detention beyond the expiration of a term constitutes punishment within

-8-

See U.S. Const. amend. VIII; see also Farmer v. Brennan, 511 U.S. 825, 832 (1994) (noting that "[t]he Amendment also imposes duties . . . provid[ing] [for] humane conditions of confinement") (citation omitted).  Plaintiff has therefore failed to state any constitutional claims upon which relief may be granted.

## III.    Immunity from Suit

Dismissal of plaintiff's claims against defendants is likewise warranted because the allegations in his amended complaint support a finding that they are immune from suit. Immunity is from suit rather than a defense to liability and should be resolved at the earliest possible stage in litigation.  Pearson v. Callahan, 555 U.S. 223, 237 (2009) (citation and quotation marks omitted).  Although defendants have not raised immunity as a defense, when appropriate, courts may sua sponte raise the issue of absolute or qualified immunity.  See Williams v. Borough of Sharon Hill, No. 12-5395, 2013 WL 4743471, at *7 (E.D. Pa. Sept. 4, 2013); Greco v. Nat'l. R.R. Passenger Corp., No. 02-CV-6862, 2005 WL 3591196, at *7 n.6 (E.D. Pa. Dec. 30, 2005); see Doe v. Delie, 257 F.3d 309 (3d Cir. 2001) (affirming a U.S. magistrate judge's sua sponte recommendation of qualified immunity).  Furthermore, because plaintiff has brought his action in forma pauperis, I am required to dismiss his claims if he "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(iii).

To the extent that plaintiff asserts his claims against defendants in their official capacities, they are immune from suit.  See Dill v. Oslick, No. 97-6753, 1999 WL 508675, at *3

---

the meaning of the Eighth Amendment, plaintiff does not allege that he was detained beyond his maximum sentence date, but rather, than the new date was improperly calculated.  See Dkt. No. 21 at ECF pp. 2, 5.  "[I]n the absence of allegations of incarceration beyond his maximum sentence, [p]laintiff has made no factual allegations which plausibly would lead to the conclusion that his Eighth Amendment rights have been violated."  Vactor v. Longstreth, No. 12-210, 2013 WL 2190143, at *13 (W.D. Pa. May 20, 2013).

(E.D. Pa. July 19, 1999) ("The Pennsylvania Board of Probation and Parole and its employees in their official capacities are an arm of the Commonwealth entitled to Eleventh Amendment immunity."). Plaintiff also has not sufficiently alleged the liability of defendants in their individual capacities for the following reasons.

### A. Barkley, Lambrino and Goodall

Plaintiff alleges that defendants Board Secretary Barkley, Board Assistant Counsel Lambrino and Brenda Goodall acted in their individual capacities to deprive him of his constitutional rights because their signatures appeared on the decisions he received from the Board including its April 10, 2012 denial of his administrative appeal and a February 10, 2012 action extending his maximum date and denying his appeal. Dkt. No. 8 at ECF p. 3. His allegations, however, fail to allege a plausible claim against Barkley, Lambrino or Goodall.

First, it is well established that in order to state a § 1983 claim against state officials in their individual capacities plaintiff must allege facts sufficient to raise a plausible inference that defendants were personally involved in violating the plaintiff's constitutional rights. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). Plaintiff's claims that these defendants acted to deprive him of his rights, supported only by his factual allegation that their signatures appear on the Board notices, is insufficient to raise the inference that they were personally involved. See Thomas v. Barkley, No. 13-551, 2013 WL 4786124, at *6 (W.D. Pa. Sept. 6, 2013) (finding in a former Pennsylvania state inmate's § 1983 action against Board Secretary Barkley that Barkley's mere signature on a Board decision does not "raise[ ] a plausible inference that Barkley was responsible for calculating [the plaintiff's] release date, or that she participated personally in any violation of

-10-

[the plaintiff's] rights."); Goodwine v. Keller, No. 09-1592, 2012 WL 4482793, at \*8 (W.D. Pa.
Sept. 26, 2012) (noting that "[t]he denial of a grievance or mere concurrence in an administrative
appeal process is insufficient to establish personal involvement [on the part of defendants].").
Personal involvement by a defendant can be shown if plaintiff alleges either defendant's personal
direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at
1207. Plaintiff here fails to do so.

Second, even were I to find that plaintiff sufficiently alleged Barkley, Lambrino or
Goodall's personal involvement, these defendants would be entitled to absolute immunity
because of the adjudicatory nature of the duties they are alleged to have performed. Parole
officials are entitled to absolute immunity when they engage in certain adjudicatory acts
including: (1) hearing evidence; (2) making recommendations as to whether to parole a prisoner;
or (3) making decisions whether to grant, revoke or deny parole. See Breslin v. Brainard, No.
01-CA-7269, 2002 WL 31513425, at \*7 n.10 (E.D. Pa. Nov. 1, 2002) (citations omitted); see
also Wilson, 878 F.2d at 775 (holding that probation and parole officers are "entitled to absolute
immunity when they are engaged in adjudicatory duties"). Specifically, plaintiff alleges that
Barkley, Lambrino and Goodall "showed deliberate indifference" by signing the Board actions
and are "guilty of overlooking [his] claims" including the alleged untimeliness of his revocation
hearing and inadequate notice given to him. Dkt. No. 8 at ECF p. 3. Plaintiff effectively seeks
to impose liability on these defendants for their alleged failure to properly decide his claims on
his appeal of the Board's decision. However, their decision of plaintiff's parole appeals is a
function that entitles them to absolute immunity. See Goodwine v. Keller, No. 09-1592, 2012
WL 4482793, at \*7 (W.D. Pa. Sept. 26, 2012) (noting that "to the extent that [p]laintiff is
alleging liability predicated upon [d]efendants' denial of his appeal of the initial determination of

-11-

the [Pennsylvania Board of Probation and Parole], which is an adjudicatory function,

[defendants] are entitled to absolute quasi-judicial immunity."). Accordingly, I will dismiss

plaintiff's claims against Barkley, Lambrino and Goodall. See Goodwine, 2012 WL 4482793, at

*4 ("Where the allegations of the [c]omplaint give rise to absolute immunity or otherwise fail to

allege facts sufficient to give rise to a cognizable claim, dismissal is appropriate.").

## B.   Haile, Prenapt and Healey

To the extent that plaintiff brings this action against Haile, Prenapt and Healey in their

individual capacities, I find that they are entitled to qualified immunity under the facts alleged in

the amended complaint. Unlike with Barkley, Lambrino and Goodall, plaintiff does not allege

that Haile, Prenapt or Healy were involved in the Parole Board's adjudication of his parole

revocation. Instead, plaintiff asserts that parole officers Haile and Prenapt are individually liable

for their administrative acts, mainly that they, respectively, untimely handed him his notice of

charges and only informed him of the charges against him immediately before his parole

revocation hearing. See Dkt. No. 8 at ECF p. 3. Similarly, plaintiff contends that parole

supervisor Healey is liable because Healey's signature appears on one of plaintiff's notice of

charges.[12] Id.

Parole board members or officers are engaged in their executive or administrative duties

when they perform the general responsibilities of a parole or probation officer.[13] Nellom v.

_____

[12]    As I have discussed, merely alleging that his signature appears on a Board notice
is insufficient to raise the inference that Healey was personally involved in any claimed violation
of plaintiff's rights. Thus, I will additionally dismiss plaintiff's claim against Healey for this
reason. See Thomas, 2013 WL 4786124, at *6.
[13]    Parole board members or officers are also engaged in their executive or
administrative duties when they: (1) investigate allegations of parole violations and crimes; (2)
provide false information that a parolee violated the terms of parole or committed a crime; (3)
present information to a parole board about a parole violation; (4) carry out a mandatory
statutory duty such as verifying information in a parolee's record.

-12-

Luber, No. 02-2190, 2004 WL 816922, at *6 (E.D. Pa. Mar. 18, 2004) (citations omitted). The relevant inquiry is the "'nature' and 'function' of the act, not the 'act itself.'" Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992), quoting Mireles v. Waco, 502 U.S. 9, 13 (1991). Parole officers acting in their administrative or executive capacities and who are not engaged in adjudicatory duties are not entitled to absolute immunity from suit. See Nellom, 2004 WL 816922, at *6, citing Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). They may, however, be entitled to qualified immunity. See id., 2004 WL 816922, at *6. Under the qualified immunity principle, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity provides "ample room . . . for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (internal quotation marks and citation omitted).

In the instant case, the acts that plaintiff alleges Haile, Prenapt and Healey to have committed are that those parole officers perform in the course of their general responsibilities and defendants are therefore entitled to qualified immunity. In order to overcome defendants' qualified immunity, plaintiff must allege facts showing that their conduct: (1) violated a statutory or a constitutional right; and (2) and that the right at issue was clearly established at the time of the challenged conduct. Saucier v. Katz, 533 U.S. 194, 201 (2001)[14]; Kelly v. Borough

---

[14] Courts may apply the two prongs of Saucier in any order based on the circumstances of the particular case. Pearson, 555 U.S. at 236. If the plaintiff fails to make allegations sufficient to satisfy either prong, the defendant is entitled to dismissal. See Pearson, 555 U.S. at 232; Saucier, 533 U.S. at 201; McGriff v. Fronk, No. 12-295, 2013 WL 2642131, at *6 (W.D. Pa. June 12, 2013).

of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010); see also Harlow, 457 U.S. at 818 ("government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). As I have determined above, the allegations in plaintiff's amended complaint are not sufficient to establish that defendants violated his constitutional rights. Defendants Haile, Prenapt and Healey are thus entitled to qualified immunity and I will dismiss plaintiff's claims against them.

I will grant plaintiff leave to amend to the extent that he can assert facts demonstrating the existence of cognizable claim(s) and that overcome defendants' respective qualified and absolute immunities from suit. See Alston, 363 F.3d at 235 ("a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.") (citation omitted).

An appropriate Order follows.

-14-